UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

MEHDI BEYGI and ZOHREH ALAVITALAB,

as guardians of CYRUS BEYGI,

Petitioners,

v.

BELLEVUE SCHOOL DISTRICT and

WASHINGTON OFFICE OF

SUPERINTENDENT OF

PUBLIC INSTRUCTION (OSPI),

Defendants.

Case No. 2:26-cv-01061-JCC

Honorable John C. Coughenour

First Amended Complaint

**FIRST AMENDED COMPLAINT**

(Individuals with Disabilities Education Act – 20 U.S.C. § 1400 et seq.)

---

**I. INTRODUCTION**

1. Plaintiffs bring this action under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., to challenge the unlawful termination of the Student's eligibility for special education services.
2. IDEA eligibility may be terminated only upon receipt of a valid "regular high school diploma."
3. This case concerns the use of a diploma that does not reflect actual educational attainment to terminate IDEA eligibility.
4. Plaintiffs allege that the diploma relied upon by Defendants was not valid under federal law because:

   (a) required coursework was not completed;

   (b) credit was awarded without participation; and

   (c) the diploma was based, in whole or in part, on alternate academic standards.
5. Plaintiffs further allege that Defendants relied on this invalid diploma to terminate eligibility, deny compensatory education, and deny procedural safeguards.
6. Defendant OSPI is independently liable because it exercised control over eligibility determinations, failed to act after receiving material evidence, and failed to provide required written explanations.

---

## II. JURISDICTION AND VENUE

7. This Court has jurisdiction under 20 U.S.C. § 1415(i)(2) and 28 U.S.C. § 1331.
8. Venue is proper in this district.

---

## III. PARTIES

9. Plaintiffs are the parents and guardians of Cyrus Beygi ("C.B").

10. Cyrus Beygi ("C.B") is a student with disabilities under IDEA.
11. Defendant Bellevue School District ("BSD") is responsible for providing a Free Appropriate Public Education ("FAPE").
12. Defendant OSPI is the State Educational Agency responsible for ensuring statewide compliance with IDEA pursuant to 20 U.S.C. § 1412(a)(11).

---

## IV. STATEMENT OF FACTS

13. Prior to attending Bellevue High School, the Student's Individualized Education Program (IEP) indicated that he was expected to receive a certificate of completion rather than a regular high school diploma.
14. Following changes in state policy, including reliance on the WA-AIM alternate assessment system, BSD issued the Student a document labeled as a "regular high school diploma."
15. BSD relied on this diploma to terminate IDEA eligibility (Exhibit B).

---

### A. Academic Misrepresentation and Incomplete Coursework

16. BSD relied on completion of Apex Environmental Science Semester 2 as a required course for graduation (Exhibit D).
17. Official vendor-generated Apex Learning records confirm that the Student had (Exhibit A, Exhibit D, Exhibit E):

- zero logins;
- zero sessions;
- zero recorded time in the course; and
- no system-recorded participation.

18. The course was identified by District staff as a required graduation course necessary to obtain a diploma.
19. During the due process proceedings, the District represented that it did not have access to Apex system log data and produced only summary records, while asserting that additional vendor-generated records were not available through its internal systems (Exhibit E).
20. The District further indicated that Plaintiffs could seek such records directly from the Apex Learning vendor.
21. Subsequent to these representations, Apex Learning provided detailed vendor-generated records directly to Plaintiffs, which confirmed that the Student had no recorded participation in Environmental Science Semester 2 (Exhibit E).
22. These vendor-generated records directly contradicted the District's position that the course had been completed by the Student (Exhibit A).
23. Despite the absence of recorded participation, BSD awarded a passing grade and treated the course as completed.
24. The diploma therefore did not reflect completion of required coursework.
25. A diploma issued under such circumstances does not represent actual educational attainment.

---

**B. WA-AIM and Federal Diploma Compliance**

26. Washington law requires that students satisfy a Graduation Pathway Option as a condition of receiving a high school diploma pursuant to RCW 28A.230.710.

27. Plaintiffs did not discover until receipt of discovery materials during the due process proceedings that the Student's Graduation Pathway Option was satisfied through the WA-AIM assessment.
28. WA-AIM is identified by OSPI as an alternate assessment based on alternate academic achievement standards.
29. Under federal law, a "regular high school diploma" must not be based on alternate academic achievement standards. 20 U.S.C. § 7801(43).
30. A "REGULAR HIGH SCHOOL DIPLOMA" is a defined federal term and is not interchangeable with a state-issued high school diploma.
31. Because the Student's diploma relied, in whole or in part, on an alternate assessment pathway, it does not meet the federal definition required to terminate IDEA eligibility.

---

**C. OSPI's Direct Involvement and Control**

32. On April 9, 2025, BSD informed Plaintiffs that OSPI determined eligibility for compensatory education and that OSPI's guidance controlled the denial (Exhibit B).
33. BSD directed Plaintiffs to OSPI for further explanation, demonstrating that OSPI exercised decision-making authority (Exhibit B).
34. OSPI establishes the standards and guidance governing graduation requirements and diploma qualifications for school districts in Washington State.

---

**D. Notice to OSPI and Refusal to Act**

35. Plaintiffs presented OSPI with vendor-generated Apex records demonstrating that required coursework was not completed (Exhibit A, Exhibit C).

36. Plaintiffs communicated directly with OSPI Assistant Superintendent Dr. Tania May (Exhibit C).
37. On October 22, 2025, OSPI stated that it would not be taking further action (Exhibit C).
38. OSPI did not review or evaluate the validity of the diploma despite being presented with material evidence.
39. OSPI's refusal to act allowed BSD's reliance on the invalid diploma to continue.

---

**E. Failure to Provide Required Written Notice**

40. Plaintiffs requested written explanation of the denial on March 4, 10, and 13, 2026.
41. Plaintiffs invoked 34 C.F.R. § 300.503 requiring prior written notice.
42. OSPI failed to provide any explanation.
43. Without such explanation, Plaintiffs were unable to understand or challenge the basis of the denial.

---

**V. ASSIGNMENTS OF ERROR**

44. The Administrative Law Judge erred in granting summary judgment despite the existence of disputed material facts regarding the Student's completion of required coursework.
45. The Administrative Law Judge erred in accepting the District's representation that the Student completed Environmental Science Semester 2 despite vendor-generated records showing no recorded participation.

46. The Administrative Law Judge erred in failing to consider material evidence demonstrating that the Student had zero recorded time and activity in a required course.
47. The Administrative Law Judge erred in concluding that the Student received a valid "regular high school diploma" without applying the federal definition under 20 U.S.C. § 7801(43).
48. The Administrative Law Judge erred in relying on declarations from District personnel that were contradicted by subsequently produced vendor records.
49. The Administrative Law Judge erred in refusing to consider Plaintiffs' claim that the Student's diploma did not qualify as a "regular high school diploma" under federal law despite evidence that it was based on alternate academic achievement standards and contradicted by vendor-generated records.

---

## VI. CLAIMS FOR RELIEF

### COUNT I – Unlawful termination of FAPE

50. Unlawful termination of FAPE based on Cyrus Beygi's receipt of a diploma that does not qualify as a "REGULAR HIGH SCHOOL DIPLOMA."
51. Defendants terminated IDEA eligibility based on WA-AIM, a diploma that does not meet the federal definition of a "REGULAR HIGH SCHOOL DIPLOMA." Because the diploma does not reflect actual educational attainment, termination of eligibility was unlawful.

---

### COUNT II – Violation of IDEA (OSPI Supervisory and Direct Liability)

52. OSPI has a non-delegable duty under 20 U.S.C. § 1412(a)(11).

53. OSPI had actual notice of material evidence demonstrating noncompliance.

54. OSPI exercised control over eligibility determinations and failed to act.

55. OSPI contributed to the denial of FAPE

**COUNT III - Failure to Complete Required Coursework, Violation of IDEA (Invalid Diploma)**

56. The Graduation Requirement: According to the Bellevue School District's own graduation requirements and the representations made by General Counsel on April 11, 2025, the completion of Environmental Science Semester 2 was a mandatory prerequisite for the Student to receive his diploma.

57. Evidence of Non-Completion: Official vendor-generated records from Apex Learning (Exhibit A) conclusively prove that the Student had zero (0) logins, zero (0) recorded sessions, and zero (0) total time spent in the Environmental Science Semester 2 course.

58. The Conflict: Despite the total absence of participation, BSD awarded a passing grade of "B" on June 5, 2023, and issued a diploma on June 16, 2023.

---

**COUNT IV – Procedural Violations (Failure to Provide Prior Written Notice)**

56. IDEA requires written explanation when services are denied.

57. Plaintiffs requested such explanation.

58. OSPI failed to provide it.

59. Plaintiffs were denied meaningful participation.

---

**VII. RELIEF REQUESTED**

Plaintiffs request that this Court:

1. Vacate the administrative decision;
2. Declare the diploma invalid for IDEA purposes;
3. Restore IDEA eligibility;
4. Award compensatory education;
5. Remand for evidentiary hearing;
6. Award costs and any relief permitted by law;
7. Grant such other relief as the Court deems just and proper.

---

DATED this 27 day of April, 2026.

Respectfully submitted,

VII. SIGNATURE

DATED this 27 day of April, 2026.

---

/s/ Mehdi J. Beygi Mehdi J Beygi

Mehdi J. Beygi Signature:

---

Guardian of Cyrus Beygi

/s/ Zohreh Alavitalab

Zohreh Alavitalab

Guardian of Cyrus Beygi Signature: Zohreh Alavitalab

5455 Highland Dr.

Bellevue WA 98006

425-272-5219

Petitioners Pro Se