UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

AT SEATTLE

MEHDI BEYGI and ZOHREH ALAVITALAB,

as guardians of CYRUS BEYGI,

Petitioners,

v.

BELLEVUE SCHOOL DISTRICT and WASHINGTON OFFICE OF SUPERINTENDENT OF PUBLIC INSTRUCTION (OSPI),

Defendants.

Case No. 2:26-cv-01061-JCC

Honorable John C. Coughenour

PLAINTIFFS' OPPOSITION TO DEFENDANT OSPI'S MOTION TO DISMISS

PLAINTIFFS' OPPOSITION TO DEFENDANT OSPI'S MOTION TO DISMISS

NOTE ON MOTION CALENDAR: MAY 4, 2026

## I. INTRODUCTION

Plaintiffs respectfully oppose Defendant Office of Superintendent of Public Instruction's ("OSPI") Motion to Dismiss.

Plaintiffs have filed a First Amended Complaint as a matter of course under Federal Rule of Civil Procedure 15, which clarifies and expands the claims against OSPI. Accordingly, this opposition addresses the motion as applied to both the original complaint and the amended complaint.

OSPI is a proper and necessary party because it exercised direct decision-making authority, failed to fulfill its non-delegable supervisory duties under the Individuals with Disabilities Education Act ("IDEA"), and declined to act after receiving material evidence affecting the Student's eligibility.

---

## II. STATEMENT OF FACTS

1. Required Coursework and Expected Completion.

   The Bellevue School District ("BSD") identified that the Student required 1.0 credit of science to graduate and would complete that requirement through Apex coursework. (Declaration of Mehdi Beygi, Exhibit. D).

2. Absence of Participation in Required Course.

   Vendor-generated Apex Learning records confirm that the Student had zero logins, zero recorded time, and no system-recorded participation in Environmental Science Semester 2. (Id., Exhibit. A, Exhibit E).

The District represented during administrative proceedings that it did not have access to Apex system log data and suggested that such records be obtained from the vendor. Vendor-generated records later produced directly by Apex confirmed that the Student had no participation in the course, contradicting the District's position.

3. Course Still Marked Complete.

   Despite the absence of participation, the course was marked complete and a passing grade was awarded.

4. OSPI Controlled Eligibility Determination.

   On April 9, 2025, the District informed Plaintiffs that OSPI guidance controlled eligibility determinations and directed Plaintiffs to OSPI for further explanation. (Id., Exhibit. B).

5. OSPI Refusal to Act.

   After Plaintiffs presented the Apex records to OSPI, OSPI declined to take further action and did not evaluate the validity of the diploma. (Id., Exhibit. C).

6. IEP Request and Redirection to OSPI.

   Plaintiffs requested an IEP meeting to address eligibility for compensatory education. The District did not proceed with the meeting and instead directed Plaintiffs to OSPI for determination (Beygi Decl., Exhibit. B, Exhibit F).

7. Lack of Individualized Explanation.

   OSPI did not provide an individualized explanation of the denial and instead provided general information regarding class eligibility without addressing the Student's specific circumstances. (Beygi Decl., Exhibit. C).

8. No Substantive Response to Clarification Requests.

Plaintiffs sought clarification regarding the basis for denial, but no substantive response was provided.

---

## III. ARGUMENT

### A. OSPI Has a Non-Delegable Duty Under IDEA

Under 20 U.S.C. § 1412(a)(11), OSPI must ensure that all educational agencies comply with IDEA. This duty is non-delegable.

---

### B. OSPI Exercised Direct Control Over Eligibility

The District's communication demonstrates that OSPI guidance controlled the eligibility determination. (Beygi Decl., Exhibit. B).

When a state agency directs or controls a determination affecting IDEA rights, it is a proper party to the action.

---

### C. OSPI Had Notice of Material Evidence and Failed to Act

Plaintiffs provided OSPI with vendor-generated records showing no participation in a required course. (Beygi Decl., Exhibit. A).

Despite this, OSPI declined to act. (Beygi Decl., Exhibit. C).

This failure to act constitutes independent conduct and violates OSPI's supervisory obligations.

---

D. FAPE eligibility was unlawfully terminated based on Cyrus Beygi.'s receipt of a diploma that does not qualify as a 'regular high school diploma' under 20 U.S.C. § 7801(43), pursuant to direction from OSPI

IDEA permits termination of eligibility only upon receipt of a valid "regular high school diploma."

Here, the diploma was based on completion of a required course that the Student did not complete.

In addition, the Student's diploma was based on satisfaction of a Graduation Pathway Option through the WA-AIM assessment. WA-AIM is an alternate assessment based on alternate academic achievement standards.

Under federal law, a "regular high school diploma" must not be based on alternate academic achievement standards. 20 U.S.C. § 7801(43).

Accordingly, the diploma relied upon by Defendants does not meet the federal definition required to terminate IDEA eligibility.

The District had previously identified Environmental Science as a required course for graduation and indicated that the Student would complete the coursework through Apex participation. (Beygi Decl., Exhibit. D, Exhibit. F).

The absence of any system-recorded participation demonstrates that the course was not completed.

OSPI failed to evaluate this issue and allowed termination of eligibility to proceed.

---

E. OSPI Failed to Provide Required Written Notice

IDEA requires written explanation when services are denied. 34 C.F.R. § 300.503.

Plaintiffs requested such explanation, but OSPI failed to provide it.

---

F. OSPI Is Necessary for Complete Relief

OSPI establishes statewide policy and ensures compliance with IDEA.

Without OSPI, complete relief cannot be granted.

---

G. OSPI cannot be dismissed because it is the State Educational Agency with ultimate responsibility under 20 U.S.C. § 1412(a)(11) to ensure that FAPE is made available to all eligible children. Moreover, Defendant BSD has expressly identified OSPI as the entity

responsible for explaining the denial at issue, directing Plaintiff to seek answers from OSPI itself.

Quoting Exhibit B " OSPI is clear on who qualifies and our input did not change their decision. Under their guidance Cyrus does not qualify for compensatory. I am running late in a meeting and am not able to get on a call at 1:00. I apologize. I suggest connecting with OSPI if you have further questions."

Under these circumstances, OSPI is both a necessary party and a real party in interest. Dismissal would prevent the Court from granting complete relief under 20 U.S.C. § 1415(i)(2) and would leave Plaintiff without any entity capable of providing the explanation and remedy required by federal law.

---

IV. CONCLUSION

OSPI exercised control over eligibility, failed to act upon material evidence, and permitted termination of IDEA eligibility based on a diploma that does not meet federal requirements.

For these reasons, OSPI's Motion to Dismiss should be DENIED.

Respectfully submitted,

VII. SIGNATURE

DATED this 27 day of April, 2026.

---

/s/ Mehdi J. Beygi Mehdi J Beygi

Mehdi J. Beygi Signature:

______________________

Guardian of Cyrus Beygi

/s/ Zohreh Alavitalab

Zohreh Alavitalab

Guardian of Cyrus Beygi Signature: Zohreh Alavitalab

5455 Highland Dr.

Bellevue WA 98006

425-272-5219

Petitioners Pro Se