THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEHDI BEYGI and ZOHREH ALAVITALAB, as guardians of CYRUS BEYGI,<br><br>            Plaintiffs,<br><br>   v.<br><br>BELLEVUE SCHOOL DISTRICT and WASHINGTON OFFICE OF SUPERINTENDANT OF PUBLIC INSTRUCTION (OSPI),<br><br>            Defendants. | CASE NO. C26-1061-JCC<br><br>ORDER |

This matter comes before the Court on OSPI's motion to dismiss (Dkt. No. 20). Having thoroughly considered the briefing and the relevant record, the Court GRANTS the motion and DISMISSES claims against OSPI for the reasons explained herein.

In this case, Plaintiffs challenge an administrative law judge's ("ALJ") determination, made pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C § 1400 *et seq.* (*See generally* Dkt. No. 13). The ALJ, following a Due Process hearing, granted summary judgment to the Bellevue School District, dismissed Plaintiffs' complaints against the School District, and denied Plaintiffs' request for an Independent Educational Evaluation. (*See generally* Dkt. No. 1-2 at 15–40.) The ALJ did so after finding that Plaintiffs' claims failed as a matter of

law and/or were time-barred. (*See id.* at 26–40.) Plaintiffs then sought judicial review[1] of the ALJ's decision pursuant to 28 U.S.C. § 1415(i)(2)(A), which now included for the first time claims against OSPI (along with the School District). OSPI seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 20.)

Rule 12(b)(6) directs a court to dismiss a complaint for failure to state a claim. Fed. R. Civ. P. 12(b)(6). According to the rule, the Court assumes the truth of the complaint's factual allegations and credits all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Thus, to avoid dismissal, a plaintiff must point to factual allegations that "state a claim to relief that 'is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Said another way, the Court must be able to conclude that the movant is entitled to judgment as a matter of law, even after accepting allegations as true and construing them in the light most favorable to the non-moving party. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). However, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

---

[1] When a party challenges an administrative decision under the IDEA, the Court "shall receive the records of the administrative proceedings;" "shall hear additional evidence at the request of a party;" and, "basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C). The "burden of persuasion rests with the party challenging the ALJ's decision." *L.M. v. Capistrano Unified Sch. Dist.*, 556 F.3d 900, 910 (9th Cir. 2009); *see Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 57–58 (2005). In IDEA administrative appeals, the Court does not employ the typical highly deferential standard of review of agency decisions. *See JG v. Douglas Cnty. Sch. Dist.*, 552 F.3d 786, 793 (9th Cir. 2008). Instead, the Court gives "due weight" to the administrative proceedings and accords particular deference to decisions that are thorough, careful, impartial, and sensitive to the complexities present. *See id.*; *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1472, 1476 (9th Cir. 1993). The Court must consider the findings carefully and address the hearing officer's resolution of each material issue. *Cnty. of San Diego v. Cal. Special Educ. Hearing Off.*, 93 F.3d 1458, 1466 (9th Cir. 1996). Finally, when considering *pro se* claims such as this one, the Ninth Circuit has held that such individuals must plead plausible claims, while also being "held to a less stringent standard[]" than lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

ORDER
C26-1061-JCC
PAGE - 2

In moving to dismiss, OSPI points out that, amongst other infirmities, Plaintiffs failed to name (or materially prosecute) any claims against it in their Due Process hearing, thus barring such claims in this § 1415 proceeding. Regardless, says OSPI, it is now too late to bring claims against it here, given the applicable two-year statute of limitations. (*See* Dkt. Nos. 20 at 8–12, 25 at 9–10) (citing 20 U.S.C. § 1415(b)(6)(B). The Court agrees as to each. First, it is clear that the only claims which Plaintiffs raised in their underlying complaints, *i.e.* the Due Process hearing requests, were solely as to *the District*. (*See generally* Dkt. No. 9-1 at 3–16, 18–25.) This is confirmed by the ALJ's decision. (*See generally* Dkt. No. 1-2 at 15–40.) Plaintiffs cannot expand those claims in this proceeding. *See* 34 CFR § 300-511(d), (f); WAC 392-172A-05100(3). Second, the allegedly unlawful conduct, which Plaintiffs attribute to OSPI (associated with the Apex Learning course), occurred between April and June 2023. (*See* Dkt. No. 13-1 at 3.) Yet Plaintiffs sought judicial review in March of 2026, before amending their complaint here in April 2026, to add allegations to previously unsupported claims. (*See* Dkt. Nos. 1-2 at 3–13, 13-1 at 5–8.) Either way, this is beyond § 1415(b)(6)(B)'s two-year statute of limitations, yet Plaintiffs fail to allege facts supporting tolling. (*See generally* Dkt. No. 13.)

Thus, Plaintiffs fail to state a § 1415 claim against OSPI, both because such a claim is procedurally and/or time barred. For the foregoing reason, OSPI's motion to dismiss (Dkt. No. 20) is GRANTED. All claims against it are DISMISSED with prejudice.

So ORDERED this 11th day of June 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C26-1061-JCC
PAGE - 3