THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MEHDI BEYGI and ZOHREH ALAVITALAB, as guardians of CYRUS BEYGI,

Plaintiffs,

v.

BELLEVUE SCHOOL DISTRICT, *et al.*,

Defendants.

CASE NO. C26-1061-JCC

ORDER

This matter comes before the Court on Plaintiffs' motion to admit additional evidence (Dkt. No. 36). Having thoroughly considered the briefing and the relevant record, the Court DENIES the motion for the reasons explained herein.

In this Individuals with Disabilities Education Act ("IDEA") appeal, which Plaintiffs bring on behalf of their son, Cyrus Beygi ("C.B."), Plaintiffs challenge an administrative law judge's ("ALJ") summary judgment award to Defendant Bellevue School District. (*See generally* Dkt. No. 13.) That ruling dismissed Plaintiffs' complaint(s) against the School District regarding its alleged failure to provide C.B. with a free appropriate public education ("FAPE"). (*See generally* Dkt. No. 31-11 at 224–51.) In support of their appeal here, Plaintiffs move to admit additional evidence. (*See* Dkt. No. 29) (briefing schedule anticipating the instant motion).

Under IDEA, the Court must "receive the records of the administrative proceedings,"

"hear additional evidence at the request of a party," and "bas[e] its decisions on the preponderance of the evidence." 20 U.S.C. § 1415(i)(2)(C).[1] But not all "additional evidence" need be considered. *E.M. ex rel. E.M. v. Pajaro Valley Unified Sch. Dist. Office of Admin. Hearings*, 652 F.3d 999, 1004 (9th Cir. 2011).[2] The question "is not whether the additional evidence is *necessary* to evaluate the decision of the ALJ." *D.M. v. Seattle Sch. Dist.*, 170 F. Supp. 3d 1328, 1333 (W.D. Wash. 2016) (citing *E.M. ex rel. E.M.*, 652 F.3d at 1006) (emphasis added). Rather, at issue is whether the additional evidence is "*relevant*, noncumulative, and otherwise admissible." *Id.* (emphasis added).

Plaintiffs specifically ask to admit the following extra-record items: alleged proof that C.B. did not complete the coursework necessary for graduation, (Dkt. No. 36-3); evidence supporting Plaintiff's notion that the School District withheld or failed to disclose these third-party records, (Dkt. No. 36-2); documents regarding the School District's supposed failure to appoint an independent educational representative for C.B. pursuant to WAC 392-172A-05135(5), (Dkt. No. 36-4); and various documents touching on the District's FAPE graduation requirements for IEP students, (Dkt. No. 36-5). In response, the School District contends that Plaintiffs could have provided most if not all of these documents to the ALJ (but did not). (Dkt. No. 39 at 9–11.) Thus, they should be excluded here. (*Id.*) (citing, *e.g.*, *Ojai Unified Sch. Dist. v.*

---

[1] Review of an administrative record is generally limited to the record before the administrative body. *Capistrano Unified Sch. Dist. v. Wartenberg*, 59 F.3d 884, 891 (9th Cir. 1995). If substantial evidence on the whole record supports the administrative determination, the district court must affirm. *Id.* The court must give "due weight" to the administrative decision and may not "substitute [its] own notions of sound educational policy for those of the school authorities which they review." *Board of Educ. of Hendrick Hudson Cent. Sch. Dist., Westchester Cnty. v. Rowley*, 458 U.S. 176, 206, (1982), *superseded by statute on other grounds*, *N.B. v. Hellgate Elementary Sch. Dist.*, 541 F.3d 1202 (9th Cir. 2008).

[2] For instance, the Court need not consider evidence which duplicates or embellishes evidence taken at the administrative hearing. *Ojai Unified Sch. Dist. v. Jackson*, 4 F.3d 1467, 1473 (9th Cir. 1993), *cert. denied*, 513 U.S. 825 (1994). Nor should it admit evidence that alters "'the character of the hearing from one of review to a trial *de novo*.'" *Id.* (quoting *Town of Burlington v. Dep't of Educ.*, 736 F.2d 773, 791 (1st Cir. 1984)).

*Jackson*, 4 F.3d 1467, 1473 (9th Cir. 1993)). As discussed below, the Court finds none of the documents relevant. Thus, it will not consider the District's argument based on a supposed procedural bar to their introduction.

Most of the documents which Plaintiffs now seek to admit, (*see* Dkt. Nos. 36-2, 36-3, 36-5), are irrelevant because ***even if*** the ALJ improperly determined that C.B. became ineligible for FAPE (based on his completion of the coursework for a high school diploma), the ALJ ***also*** found that, after June 19, 2023, C.B. was no longer eligible for FAPE due to his age. (*See* Dkt. No. 31-11 at 237–38.)[3] *Id.* And because C.B.'s age is undisputed, there can be no genuine issue of fact precluding the ALJ's finding on this controlling issue. No additional evidence could be relevant to this finding. Thus, C.B.'s alleged non-compliance with the School District's graduation requirements, for example, is *irrelevant* to the case before this Court. The remaining documents, (Dkt. No. 36-4), suffer from the same relevancy flaw. According to Plaintiff, they speak to the School District's alleged failure to appoint an independent education representative for C.B. (*See* Dkt. No. 36 at 8–9). But Plaintiffs did not raise the argument in their due process hearing(s). (*See generally* Dkt. Nos. 31-2–31-12.) Thus, they cannot raise it here. *See J.L. v. Mercer Island Sch. Dist.*, 592 F.3d 938, 952 (9th Cir. 2010) (discussing exhaustion requirements). Nor would it appear they are offering the documents for any other purpose. (*See generally* Dkt. No. 36.) Thus, they are also irrelevant.

In sum, all the extra-record evidence which Plaintiffs now seek to admit is irrelevant to the instant appeal. For this reason, their motion to admit (Dkt. No. 36) is DENIED.

//

//

[3] As the ALJ noted, this case is analogous to that of the student in *S.P. by and through C.P. v. Seattle Pub. Schools,* 2025 WL 2697083, slip op. (W.D. Wash. 2025). (*See* Dkt. No. 31-11 at 235–49.) And, as discussed by the *S.P.* court, the otherwise controlling case of *N.D. v. Reykdal*, 2023 WL 5632783 (W.D. Wash. 2023), *vacated on other grounds*, 102 F.4th 982 (9th Cir. 2024), was inapt in *S.P. See* 2025 WL 2697083, slip op. at 3. As the ALJ also noted, the same applies here. (*See* Dkt. No. 31-11 at 235–49.)

So ORDERED this 17th day of August 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE